UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
GLEN SECARD,

                    Plaintiff,

    -against-

WELLS FARGO BANK, N.A., AMANDA
GENTILE, HOGAN LOVELLS US LLP,
LEAH N. JACOB, REED SMITH LLP and
JOHN SCALZO,

                    Defendants.
----------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
CV 17-4872 (JS)(ARL)

**LINDSAY, Magistrate Judge:**

Before the Court, on referral from District Judge Seybert, are the motions of the defendants, Wells Fargo Bank, N.A., Reed Smith LLP and John Scalzo (the "Wells Fargo defendants") and the defendants, Hogan Lovells US LLP and Leah N. Jacob (the "Hogan defendants"), to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6).[1]  For the reasons that follow, the undersigned respectfully recommends that both motions be granted.  The undersigned further recommends that the plaintiff be directed to show cause as to why the complaint he filed bearing index no. 18-CV-4384 (JS)(ARL) should not be dismissed and why he should not be barred from filing future complaints related to the foreclosure action without leave of a court.

## BACKGROUND

The facts underlying this action were set forth in the undersigned's September 9, 2015

---

[1] By order dated October 11, 2017, District Judge Seybert indicated that "if service [was not] made upon the Defendants who have not yet filed an appearance by November 20, 2017, or if Plaintiff fail[ed] to show good cause why such service ha[d] not been effected, this action [would be] dismissed without prejudice against those Defendants who have not been served."  There is no indication in the record that the defendant Amanda Gentile ("Gentile") was served.  Accordingly, the undersigned recommends that the District Judge direct the Clerk of the Court to mark the case dismissed as against Gentile.

1

Report and Recommendation familiarity with which is assumed. *See Secard v. Wells Fargo Bank, N.A.*, No. CV 15-499 JS ARL, 2015 WL 6442563, at *1 (E.D.N.Y. Sept. 9, 2015), report and recommendation adopted, No. 15-CV-0499 JS ARL, 2015 WL 6442346 (E.D.N.Y. Oct. 23, 2015). However, the Court will briefly summarize the facts to provide a context for adjudicating the instant motions.

This case stems from a foreclosure action commenced by the defendant Wells Fargo Bank, N.A. ("Wells Fargo") in 2014. In February 2008, the *pro se* plaintiff, Glen Secard ("Secard") obtained a loan from Wachovia Mortgage, FSB in the amount of $350,400.00 with a negative amortization. The loan was secured by a mortgage on his property located at 45 Pennsylvania Avenue, Hempstead, New York. Wells Fargo is the successor by merger to Wachovia Mortgage, FSB. In August 2011, Secard defaulted on the loan and, in April 2014, Wells Fargo commenced a foreclosure action in the Nassau County Supreme Court to collect $462,898.12. On July 7, 2014, Wells Fargo retained Hogan Lovells to represent it in the foreclosure action.

On February 2, 2015, in an effort to forestall the foreclosure proceedings, Secard commenced an action in this Court against Wells Fargo and Hogan Lovells US LLP ("Hogan") alleging wrongdoing in the commencement and prosecution of that foreclosure action (the "2015 action"). The complaint in the 2015 action asserted eight causes of action, including: (1) violation of 42 U.S.C. § 1983; (2) violation of 42 U.S.C. §§ 1983 and 1985: conspiracy; (3) violation of 42 U.S.C. § 1983: refusal or neglect to prevent injury; (4) malicious abuse of process; (5) violation of 18 U.S.C. §§ 241 and 242: conspiracy; (6) intentional infliction of emotional distress; (7) mail fraud; and (8) fraud. *See Secard*, 2015 WL 6442563, at *1. Wells Fargo and Hogan each moved to dismiss the complaint. Both motions were referred to the

undersigned and, on September 9, 2015, this Court recommended that the motions be dismissed. On October 23, 2015, Judge Seybert adopted the recommendation in its entirety. However, she also granted Secard leave to file an amended complaint within thirty days, which he failed to do. Accordingly, on December 23, 2015, the Court entered a judgment in favor of the defendants. Pierre Decl. Ex. 5.

Notwithstanding the fact that the 2015 action was closed, on January 22, 2016, Secard filed a "Motion for Nunc Pro Tunc Order to Amend the Complaint" and a "Motion in Opposition of the Courts [sic] Dismissal." Five days later, he also filed a Notice of Appeal. On February 12, 2016, Judge Seybert denied the motions finding them to be "frivolous and improper." Then, on March 31, 2016, the Second Circuit dismissed the appeal after Secard failed to comply with the Second Circuit's filing requirements. *Id.* Ex. 6.

On August 21, 2017, Secard commenced the instant action asserting the same causes of action as in the 2015 Action, namely:

    1. Conspiracy to deny his constitutional rights and privileges under 42 U.S.C. § 1983;

    2. Conspiracy to deny him of equal protection of the law under 42 U.S.C. § 1985;

    3. Neglect to prevent a conspiracy under 42 U.S.C. § 1986;

    4. Malicious prosecution;

    5. Conspiracy in violation of 18 U.S.C. §§ 241 and 242;

    6. Intentional infliction of emotional distress;

    7. Mail fraud in violation of 18 U.S.C. §§ 1341 and 1342; and

    8. Fraud.

In fact, the Complaint is virtually identical except that Secard he has now added Leah

N. Jacobs, a representative from Hogan, Reed Smith LLP ("Reed"), the law firm that represented Wells Fargo in the 2015 action, and an attorney from Reed, John Scalzo ("Scalzo"), as defendants. He has also added the allegations found on pages 6 and 7 of the instant complaint, beginning with "Petitioner filed a Civil Rights complaint" on page 6, and ending with the reference to "*Sheilds v. Early*, 132 Miss. 282, 95, So. 839, 840" on page 7. See ECF No. 1. These new allegations describe the procedural history of the 2015 case and assert that the plaintiff's due process rights were violated in connection with his appeal to the Second Circuit. Specifically, the new paragraphs allege that Scalzo, in his capacity as counsel for Wells Fargo, failed to serve him with a notice(s) of appearance, which Secard says amounts to a conspiracy to deprive him of due process rights.

## DISCUSSION

**1.     Standards of Review**

   **A.   Rule 12(b)(1)**

The defendants each move to dismiss the complaint under Rule 12(b)(1) and 12(b)(6). "'When a defendant moves to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, and also moves to dismiss on other grounds, . . . the Court must consider the Rule 12(b)(1) motion first.'" *Craig x. Saxon Mortg. Servs., Inc.*, No. 13-CV-4526, 2015 WL 171234, at *4 (E.D.N.Y. Jan. 13, 2015) (quoting *Bobrowsky v. Yonkers Courthouse*, 777 F. Supp. 2d 692, 703 (S.D.N.Y. 2011)). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "[T]he court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff, but

jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008)(citations and internal quotation marks omitted), *aff'd*, 561 U.S. 247 (2010). In resolving a motion to dismiss for lack of subject matter jurisdiction, the Court may consider relevant documents that are extrinsic to the complaint. *See id.*

### B. Rule 12(b)(6)

"In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *See Swiatkowski v. Citibank*, 745 F. Supp. 2d 150, 162 (E.D.N.Y. 2010), *aff'd,* 446 F. App'x 360 (2d Cir. 2011) (citing *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir.2010)). The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), in which the court set forth a two-pronged approach to be utilized in analyzing a motion to dismiss. District courts are to first "identify [ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a [d]efendant has acted unlawfully." *Id*. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007) (internal citations omitted)).

Where, as here, the complaint was filed by a *pro se* litigant, the court must construe the

complaint liberally and interpret the complaint "to raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). However, a *pro se* complaint must state a plausible claim for relief, *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), and mere conclusions of law unsupported by factual averments need not be accepted, *Klos v. Bligh*, No. 13-CV-5449, 2014 WL 3778993, at *5 (E.D.N.Y. July 31, 2014). Lastly, "'[i]t is well-settled that, in considering a motion to dismiss, the Court is entitled to take judicial notice of documents integral to or referred to in the complaint, as well as documents filed in other courts and other public records'" *Craig*, 2015 WL 171234, at *1 n.3 (quoting *Reyes v. Fairfield Props.*, 661 F. Supp. 2d 249, 255 n.1 (E.D.N.Y. 2009)).

## II.  Preclusion Principles

Each of the defendants argues that the plaintiffs' claims are barred by collateral estoppel and *res judicata*. A court may dismiss a claim on collateral estoppel or *res judicata* grounds on a motion to dismiss. *See Wilson v. Ltd, Brands*, No. 08 CV 3431(LAP), 2009 WL 1069165, at *4 (S.D.N.Y. Apr. 17, 2009) (granting judgment on the pleadings based on collateral estoppel); *Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993) (affirming dismissal of claims under Rule 12(b) on grounds of *res judicata*).

### A.  Collateral Estoppel

"[C]ollateral estoppel . . . means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt, P.C.*, 701 F. Supp. 2d 340, 349-50 (E.D.N.Y. 2010) (citing *Leather v. Eyck*, 180 F.3d 420, 424 (2d Cir. 1999) (quoting *Schiro v. Farley*, 510 U.S. 222, 232, 114 S. Ct. 783, 127 L. Ed. 2d 47 (1994)). "Collateral estoppel, like the related doctrine of *res judicata*, has the dual purpose of protecting

6

litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Id. (*citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326, 99 S. Ct. 645, 58 L. Ed. 2d 552 (1979)). Specifically, "[u]nder New York law, collateral estoppel bars relitigation of an issue when (1) the identical issue necessarily was decided in the prior action and is decisive of the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to litigate the issue in the prior action." *In re Hyman*, 502 F.3d 61, 65 (2d Cir. 2007) (citations omitted). "The party seeking the benefit of collateral estoppel bears the burden of proving the identity of the issues, while the party challenging its application bears the burden of showing that he or she did not have a full and fair opportunity to adjudicate the claims involving those issues. *Khandhar v. Elfenbein*, 943 F.2d 244, 247 (2d Cir. 1991) (citation omitted).

Here, many, if not all, of the issues asserted against Wells Fargo and Hogan were decided by this Court in the 2015 action, and Secard had a full and fair opportunity to litigate those issues. Indeed, he submitted opposition to the Wells Fargo and Hogan motions to dismiss, those memoranda were considered by the Court, and he additionally had an opportunity to submit a motion to amend his complaint and to seek appellate review. *See Kurz v. Chase Manhattan Bank USA, N.A.*, 319 F. Supp. 2d 457, 462 (S.D.N.Y. 2004) (finding "full and fair opportunity to litigate" element of collateral estoppel test was satisfied when "plaintiff had a 'full and fair opportunity' to litigate but elected not to avail himself of de novo appellate review). Moreover, the law of collateral estoppel protects both a prior litigant and its "privy." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326, 99 S. Ct. 645, 649, 58 L. Ed. 2d 552 (1979)(citing *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 328–329, 91 S. Ct. 1434, 1442–1443, 28 L. Ed. 2d 788 (1971)); *United States v. Mendoza*, 464 U.S. 154, 158–59, 104 S.

7

Ct. 568, 571, 78 L. Ed. 2d 379 (1984)(The Supreme Court has broadened the scope of the doctrine of collateral estoppel by abandoning the requirement of mutuality of parties and by conditionally approving the "offensive" use of collateral estoppel by a non-party to a prior lawsuit). In this case, Jacobs was an attorney employed by Hogan during the foreclosure action. Reed is the law firm that represented Wells Fargo in the 2015 case and continues to represent them in this matter. Scalzo is an attorney employed by Reed. Secard certainly has not offered any facts or law that would warrant a diversion from the rule that affords a litigant only one full opportunity to litigate an issue simple because he has added additional defendants all of who are privy to the original litigants. Accordingly, as Secard has already had a full and fair opportunity to raise his conspiracy arguments, to challenge the foreclosure proceeding based on fraud and to assert his other miscellaneous claims stemming from the foreclosure action, the Court concludes that his federal claims against the defendants are barred by collateral estoppel.

### B. Res Judicata

Similarly, the Court's ruling in the 2015 action has *res judicata* effect and precludes the claims asserted in this case against Wells Fargo, Hogan and the three defendants who were not joined in the 2015 lawsuit. *See Done v. Wells Fargo Bank, N.A.*, No. 08-CV-3040 JFB ETB, 2009 WL 2959619, at *3 (E.D.N.Y. Sept. 14, 2009) ("All litigants, including *pro se* plaintiffs, are bound by the principles of res judicata"); *Fequiere v. Tribeca Lending,* No. 14-CV-812 (RRM)(LB), 2016 WL 1057000, at *10 (E.D.N.Y. Mar. 11, 2016). As the Second Circuit explained in *Marcel Fashions Group, Inc. v. Lucky Brand Dungarees, Inc.*, 779 F.3d 102 (2d Cir. 2015):

> The term res judicata, which means essentially that the matter in the controversy has already been adjudicated, encompasses two significantly different doctrines: claim preclusion and issue preclusion. Under claim

8

> preclusion, a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit. The doctrine precludes not only litigation of claims raised and adjudicated in a prior litigation between the parties (and their privies), but also of claims that might have been raised in the prior litigation but were not. The doctrine of issue preclusion, in contrast, bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim.

*Fequiere,* 2016 WL 1057000, at *5 (quoting *Marcel*, 779 F.3d at 107 (citations and internal quotation marks omitted)). Here, the requirements for *res judicata* are met. First, the 2015 action, which resulted in a final judgment, was a previous adjudication on the merits. Second, as stated above, the requirement that "the previous action involved [the party against whom *res judicata* is invoked] or its privy" is also met. *Houdet v. U.S. Tennis Ass'n*, No. 13-CV-5131 (FB) (LB), 2014 WL 6804109, at *4 (E.D.N.Y. Dec. 3, 2014) (finding res judicata to apply "not just to the parties in a prior litigation but also to those in privity with them" where the "new defendants have a sufficiently close relationship to justify [its] application")). As previously noted, Secard has added Jacobs, Reed and Scalzo to this action without altering his material assertions in any way. Secard's "claims" regarding improper service of the appellate documents could have been raised in the prior action. In fact, according to the docket sheet in the 2015 action, Secard's Form D-P was due on February 11, 2016. On February 16, 2016, the Second Circuit issued a mandate warning Secard that his appeal would be dismissed by March 8, 2016. Although Secard claims he did not receive some of the documents filed by the defendants like counsel's notice of appearance, nothing explains his failure to comply with the Second Circuits procedural requirements. Nor did he raise any issue concerning service in the underlying action. Therefore, *res judicata* also bars the plaintiff's claims and the Court respectfully recommends that the defendants' motions to dismiss this action be granted on *res judicata* grounds.

9

### III. Younger Abstention

Finally, it warrants mention that to the extent Secard appears to be seeking an order to have the mortgage deemed "*void ab initio,*" *see* Compl. 3-4, the Court should decline to exercise jurisdiction over the plaintiff's claims under to the "*Younger* abstention." Pursuant to the Supreme Court's decision in *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny, federal courts may not intervene in certain categories of state court proceedings. Courts have long held that "*Younger* abstention is mandatory when: (1) there is an ongoing state proceeding; (2) that implicates an important state interest; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims." *Spargo v. New York State Comm'n on Judicial Conduct*, 351 F.3d 65, 75 (2d Cir. 2003) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982)). Although, "[a]bstention is not [required] simply because a pending state-court proceeding involves the same subject matter," "[c]ourts in this circuit have held that *Younger* abstention bars federal courts from exercising jurisdiction over pending state-court foreclosure actions." *Santana v. Fed. Nat'l Mortg. Ass'n*, No. 1:15-CV-1424, 2016 WL 3149731, at *2 (N.D.N.Y. June 3, 2016) (citing *Clark v. Bloomberg*, No. 10-CV-1263, 2010 W L 1438803 (E.D.N.Y. 2010) ("Abstention doctrine thus bars [Plaintiff's] claims to enjoin the foreclosure action[.]"); *Marcelo v. EMC Mortgage Corp.*, No. 10-CV-5964, 2011 WL 1792671, at *4 (E.D.N.Y. 2011) ("To the extent Plaintiff seeks federal court intervention in an on-going state foreclosure proceeding, such claims are generally barred by [*Younger*].); *Abbatiello v. Wells Fargo Bank, N.A.*, No. 15-CV-4210, 2015 W L 5884797 at *4 (E.D.N.Y. 2015)). In this case, a state court foreclosure action is currently pending, important state interests in contractual and property rights are implicated, and the issues now raised by Secard that relate to the subject mortgage loan could have been resolved

10

in the pending state foreclosure action. Indeed, according to the defendants, a motion for summary judgment was recently granted against Secard and a judgment of foreclosure and sale will likely follow. Wells Fargo Defs.' Mem. at 6. Accordingly, the Court respectfully recommends that the Court abstain from exercising jurisdiction over Secard's federal claims.

### IV.     Failure to State a Claim

Given the Court's determination that the case should be dismissed for lack of subjection matter jurisdiction, the undersigned need not address the parties' Rule 12(b)(6) arguments. However, the Court notes that a thorough discussion of the plaintiff's allegations is set forth in the undersigned's September 9, 2015 Report and Recommendation and his current, duplicative claims suffer from the same infirmities that were addressed in that report. Among other things, the Court concluded in that report that the defendants are all private parties who did not engage in state action, and thus, are they are not subject to suit under Section 1983. In addition, the undersigned found that the complaint was completely devoid of any factual allegations against Hogan, who was retained by Wells Fargo to represent it in the foreclosure action. The same holds true with respect to the material allegations asserted against Hogan, Jacob, Reed and Scalzo in the instant action. Finally, the Court found the plaintiff's allegations concerning the existence of a conspiracy designed to deprive him of his rights to be wholly conclusory. Accordingly, the undersigned respectfully refers the District Court to its prior report for a discussion concerning the substance of the federal civil, federal criminal and state causes of action, which have been repeated in this case.

### V.     Filing Injunction

In addition to this case and the 2015 action, Secard filed a case in 2018 stemming from the same set of facts. *See Secard v. Wells Fargo Bank*, N.A., No. CV 18-4384 (JS)(ARL) (the

11

'2018 action"). A cursory review of the complaint in the 2018 action suggests that the complaint is virtually identical to the pleading currently before the Court except that Secard has once again added as defendants an additional representative from Reed as well as another law firm. The undersigned believes that Secard's frequent frivolous filings are detracting from the legitimate cases before the Court. "'The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel.'" *Mallgren v. Burkholder*, 52 F. Supp. 3d 490, 497–98 (E.D.N.Y. 2014) (citing *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir.2000) (internal quotations and citations omitted)). Secard has demonstrated a history of filing duplicative lawsuits, and therefore, the Court may impose sanctions, including restrictions on future access to the judicial system without seeking leave of the Court.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Such objections shall be filed with the Clerk of the Court via ECF, except in the case of a party proceeding *pro se*. *Pro se* Plaintiff Glen Secard must file his objections in writing with the Clerk of the Court within the prescribed time period noted above. Any requests for an extension of time for filing objections must be directed to Judge Seybert prior to the expiration of the 14-day period for filing objections. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P 72; *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.,* 596 F.3d 84, 92 (2d Cir. 2010); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchant's Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
January 10, 2019

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge